UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NATASHA V. PORTER, | ) | Case No. 16-11831-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| NATASHA V. PORTER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER
DENYING DEBTOR'S MOTION
TO RECOVER INVOLUNTARY PREFERENCE**

This matter is before the Court on the Debtor's Motion to Recover an Involuntary Preference against the Internal Revenue Service. Docket No. 17. The IRS has filed an Answer. Docket No. 21. The IRS filed a Brief in support of its position, as did the Debtor. Docket Nos. 22, 24. The Court heard the parties' arguments on November 8, 2016. For the reasons stated below, the Court will deny the Debtor's Motion.

**Undisputed Facts**

The facts in this case are not disputed:

1.      On April 4, 2016, the Debtor filed her individual tax return (Form 1040) for the tax year 2014, pursuant to which the Debtor was entitled to a refund in the amount of $4,169.00.

2.      On May 2, 2016, the IRS set off the Debtor's overpayment for the year 2014 against her tax liability for the tax year ending December 31, 2012.

1

3. The Debtor filed a voluntary petition under Chapter 7 with this Court on May 25, 2016. Docket No. 1.

4. In her Schedule C, the Debtor listed the tax refund as exempt pursuant to Va. Code § 34-4. *Id.*, Schedule C.

5. The Debtor filed a Motion to Recover Involuntary Preference, arguing that the IRS's setoff of her 2014 tax overpayment impaired her claim of exemption pursuant to 11 U.S.C. § 522(h).[1]

**Conclusions of Law**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference of the U.S. District Court for this District entered August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) (orders to turn over property of the estate).

Bankruptcy Code Section 553(a) provides as follows:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case [with certain exceptions not relevant here].

11 U.S.C. § 553(a).

Section 553(a) does not create a federal right of setoff; rather, it preserves setoff to the extent that setoff may be allowable under applicable non-bankruptcy law. *In re Camellia Food*

[1] In her Motion, the Debtor relied on both Sections 547(b) and 553(b) for support. Docket No. 17, p. 2 ("The transfer constituted an avoidable involuntary preference as defined by 11 U.S.C. § 547(b)[;]" "[Requesting that the Court] "Grant debtor's motion to avoid the transfer under 11 U.S.C. § 522(h) and § 553(b)….") The Debtor has acknowledged in her Brief and in oral argument that Sections 522(h) and 553(b) provide the exclusive means for recovery of the refund, and that the preference statute, 11 U.SC. § 547(b) is inapplicable. *In re Dillard Ford, Inc.,* 940 F.2d 1507, 1512 (11th Cir.1991) ("questions of setoff are governed exclusively by section 553 of the Bankruptcy Code"); *Lee v. Schweiker*, 739 F.2d 870, fn. 4 (3rd Cir. 1984) ("Our reading of this language [11 U.S.C. § 553(a)] is that, where a setoff right is being asserted, section 553, rather than section 547, governs the creditor's rights"); *In re Lopes*, 211 B.R. 443, 448 (D.R.I. 1997); *In re Damas*, 504 B.R. 290, 296 (Bankr. D. Mass. 2014) ("it is well-settled that setoffs are not transfers and therefore are not avoidable under 11 U.S.C. § 547(b)"); *In re Comer*, 386 B.R. 607, 608-09 (Bankr. W.D. Va. 2008) ("the Debtors cannot utilize 11 U.S.C. § 547 for purposes of recovery of the setoff unless the setoff was not valid").

*Stores, Inc.*, 287 B.R. 52, 59 (Bankr. E.D. Va. 2002); *In re Blanton*, 105 B.R. 321, 334 (Bankr. E.D. Va. 1989).

Section 6401(b)(1) of Title 26 of the U.S. Code defines an "overpayment" as any amount of allowable credits that exceed the tax imposed by the Internal Revenue Code. Section 6402(d) of Title 26 indisputably provides for a right of setoff in favor of the IRS.

The IRS asserts two legal positions in opposition to the Debtor's Motion for Turnover. First, the IRS argues that the Debtor has no legal right to a refund until after the IRS applies the overpayment to any deficiency. Second, the IRS argues that there was no improvement in position as required for a recovery under Bankruptcy Code Section 553(b). The Court will address each of these issues, in turn.

### I.    Did the Debtor Have any Rights in Her 2014 Overpayment?

The IRS argues first that Section 553 applies only to property of the estate and the Debtor as the taxpayer never had any right to her refund until after the Service applied any overpayment to her tax liability in accordance with IRC 6402(d). Here, the IRS relies heavily on the distinction between an "overpayment" and a "refund," arguing that the Debtor has no rights in an overpayment until after the government has made a determination to apply the overpayment pursuant to Section 6402(d). The IRS's position is undercut by recent authorities from both the Western District of Virginia and this District. In *In re Sexton*, 508 B.R. 646 (Bankr. W.D. Va. 2014), Judge Connelly held that the IRS violated the automatic stay by effecting a post-petition setoff of the Debtor's overpayment to satisfy a non-tax obligation (there, a debt owed to the Department of Agriculture Rural Development Service). An underpinning of Judge Connelly's holding was that the Debtor's overpayment is property of the estate under Bankruptcy Section 541(a). *Id*., at 664-65 ("The debtor's interest in the overpayment and the debtor's right to a

3

refund are both property interests…. If the government wants to use the overpayment for a setoff under Section 6402, it must first get relief from the stay or act under an applicable exception enumerated in Section 362(b).")[2] The District Court for the Western District of Virginia later dismissed the government's appeal in *Sexton* as untimely. *U.S. Dep't. of Agric. v. Sexton*, 529 B.R. 667 (W.D. Va. 2015).

The *Sexton* holding was adopted by the U.S. District Court for the Western District of Virginia in *In re Addison*, Case No. 1:15CV00041, 2016 WL 223771 (W.D. Va. Jan. 19, 2016). In *Addison*, the Court held:

> Absent the IRS effectuating a § 6402 offset, the overpaid funds belong to the taxpayer. *See Sexton*, 508 B.R. at 662 (holding that the debtor's right to recover her tax overpayment arose at midnight on the last day of the year when her overpaid taxes were due). The overpaid funds do not belong to the government until a federal agency has provided notice, and an offset has taken place. Therefore, if a bankruptcy stay is instituted prior to the actual offset, then the overpaid funds are protected by the stay, and the government must be treated like any other creditor of the debtor.

*Id*., at * 3 (citations omitted).

Similarly, Judge Phillips of this Court recently followed *Sexton*, holding that the debtor was entitled to exempt and recover an overpayment of taxes, notwithstanding the government's setoff rights under the Treasury Offset Program, or TOP (IRC § 6402). *In re Copley*, 547 B.R. 176 (Bankr. E.D. Va. 2016). Judge Phillips further held that the Debtor's right to an exemption in the refund "supersedes the setoff rights of the United States under § 553." *Id.* at 185.[3]

---

[2] Judge Connelly acknowledged that the IRS may set off a refund for tax obligations pursuant to Bankruptcy Code Section 362(b)(26).

[3] The issue of whether the Debtor can exempt her tax refund in derogation of the government's setoff rights is an issue of some controversy in the case law. *See In re Buttrill*, 549 B.R. 197, 208 (Bankr. E.D. Tenn. 2016) ("This court is not prepared to go so far as to hold that there is no property of the estate if there is an overpayment in existence at the time of filing, but the court does find that there is no indefeasible property interest which a debtor may exempt.") The Court relies on *Sexton*, *Addison* and *Copley* here for the proposition that the Debtor has legal rights in her overpayment. The issue of whether the Debtor's right to exempt the refund supersedes the government's setoff rights is not an issue presented in this case.

The Court, following *Sexton* and its progeny, finds that the Debtor in this case retained a legal right in her overpayment sufficient to bring her Motion for Turnover. The Court rejects the IRS's position that the Debtor has no legal right in the overpayment.

## II.     Did the IRS Improve Its Position Within the 90 Days?

Bankruptcy Code Section 553(a), as noted above, does not create an independent right to setoff; rather, Section 553(a) preserves setoff rights to the extent that those rights arise under non-bankruptcy law. Section 553(b) in effect prevents a party with setoff rights from improving its position within the 90 days preceding the filing of Debtor's bankruptcy case. Specifically, Section 553(b) provides as follows:

> (1) Except with respect to a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, 561, 365(h), 546(h), or 365(i)(2) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of--
>
> (A) 90 days before the date of the filing of the petition; and
>
> (B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.
>
> (2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

11 U.S.C. § 553(b).

The IRS argues that, because of the timing in this case, it did not improve its position during the 90 days preceding the Debtor's bankruptcy. The Court agrees. The overwhelming weight of authority holds that the debtor's right to a refund arises at the end of the taxable year to which it relates, in this case, December 31, 2014. *U.S. Dep't. of Agric. Rural Hous. Serv. v. Riley (In re Riley),* 485 B.R. 361, 368 (D.R.I. 2012) ("The insufficiency arose on January 1, 2011…");

*In re Glenn*, 207 B.R. 418, 420 (E.D.Pa.1997) ("a taxpayer's interest in a tax refund accrues at the end of the taxable year - in this case, December 31, 1995"); *In re Haizlett,* 261 B.R. 393, 395 (Bankr. W.D. Pa. 2000); *In re Butler*, Nos. 96-40658, 96-4041, 1997 WL 33476358, fn. 1 (Bankr. S.D. Ga. Jan. 23, 1997) ("the majority of case law seems to hold that a tax refund accrues to an individual on the last day of the taxable year"). Judge Connelly in *Sexton* and Judge Black in *Addison* (later affirmed by the District Court) agreed with this proposition. *See Sexton*, 508 B.R. at 662 ("the Court finds that Ms. Sexton's right to recover her tax overpayment arose for the 2012 tax year at… midnight on December 31, 2012"); *In re Addison*, 533 B.R. 520, 528 (Bankr. W.D. Va. 2015), *aff'd,* 2016 WL 223771 (W.D. Va. Jan. 19, 2016) ("In deciding to follow *Sexton*, this Court finds that the Debtor's right to recover for his tax overpayment for the 2011 tax year arose at midnight on December 31, 2011").

In this case, the Debtor filed for bankruptcy protection on May 25, 2016. Ninety days prior to that was February 26, 2016 (2016 was a Leap Year, with 29 days in February). As of February 26th, the Debtor owed the government taxes for the tax year ending December 31, 2012 (the amount of the Debtor's 2012 tax liability is unknown to the Court, but she does not contest that it was equal to or greater than the 2014 overpayment of $4,169.00). As of that same date (February 26, 2016), the government owed the Debtor a refund of $4,169.00 on account of her 2014 tax overpayment which accrued on December 31, 2014. There was, therefore, no improvement in position during the 90 days preceding the bankruptcy case, from February 26, 2016, to the petition date.

The Debtor argues that the government's improvement in position occurred only when she actually filed her 2014 tax return on April 4, 2016, which was within the 90 days of the Debtor's bankruptcy. The Court rejects this argument for two reasons. First, it is inconsistent

6

with the authorities cited above to the effect that the Debtor's right to a refund arises on December 31st of the tax year at issue. Second, if the Debtor is correct in her position, then April 4, 2016, the date on which she claims that she was first entitled to her refund, was the first date on which there were mutual debts between her and the government. Therefore, April 4th would have been "the first date during the 90 days immediately preceding the date of the filing of the petition on which there [was] an insufficiency," and there was no improvement in position from that date until the Debtor's bankruptcy petition date. 11 U.S.C. § 553(b)(1)(B).[4]

The Court finds that there was no improvement in position in this case within the meaning of Section 553. The Court, therefore, will deny the Debtor's Motion for Turnover.

### Conclusion

For the foregoing reasons, it is **ORDERED**:

1. The Debtor's Motion for Turnover is denied.

2. The Clerk will mail copies of this Memorandum Opinion and Order to the Debtor and will provide cm-ecf notice of its entry to counsel, below.

Date: Dec 28 2016

/s/ Brian F. Kenney
Brian F. Kenney
United States Bankruptcy Judge

Alexandria, Virginia

Entered on Docket: December 28, 2016

---

[4] The only arguable exception would be under Section 553(a)(3), which provides an exception to an otherwise allowable setoff where the debt owed by the debtor was incurred by such creditor (here, the IRS): (1) after the 90 days before the petition; (2) while the debtor was insolvent (which is presumed under subsection (c)); and (3) for the purpose of obtaining a right of setoff against the debtor. There is no showing in this case, nor could there be, that the IRS had anything to do with the timing of filing of the Debtor's 2014 tax return. Thus, there can be no showing that the IRS incurred the refund obligation to the Debtor for the purpose of obtaining a right of setoff.

Copies to:

Natasha V Porter
650 Maskell St. #315
Alexandria, VA 22301
    *Chapter 7 Debtor*

Robert R. Weed, Esquire
300 Garrisonville Rd., Suite 201
Stafford, VA 22554
    *Counsel for Chapter 7 Debtor*

Robert K. Coulter, Esquire
2100 Jamieson Avenue
Alexandria, Virginia 22314
    *Counsel for the United States of America*

H. Jason Gold, Esquire
101 Constitution Avenue, N.W., Suite 900
Washington, DC 20001
    *Chapter 7 Trustee*